UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DIGERATI DISTRIBUTION & MARKETING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CONRADICAL SÀRL; and CONRAD GRINDHEIM,<br><br>Defendants and Counter Plaintiffs,<br><br>v.<br><br>DIGERATI DISTRIBUTION & MARKETING, LLC; BIG SUGAR LLC; and SARAH ALFIERI,<br><br>Counter Defendants. | Civil Action No. 1:22-cv-1302-LY |

**PRELIMINARY INJUNCTION**

Before the Court is Plaintiff's motion for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 against Defendants. Having reviewed the papers in support of the Motion and in opposition to the Motion, the Court finds that Plaintiff meets the criteria for entry of preliminary injunctive relief.

**FINDINGS OF FACT & CONCLUSIONS OF LAW**

Having considered the Motion and other evidence submitted in support thereof, and for good cause shown, the Court makes the following findings of fact and conclusions of law:

1. This Court has subject matter jurisdiction over the subject matter of this case.
2. This Court has personal jurisdiction over the Defendants.

– 1 –

3. The evidence submitted in support of the Motion establishes Plaintiff has established a likelihood of success on the merits of its breach of contract claim, copyright non-infringement defense, trademark non-infringement defense, and § 512(f) misrepresentation claim against Defendants, no remedy at law exists, Plaintiff will suffer irreparable harm if the injunction is not granted, including:

    a. Through the declarations and accompanying evidence in the Appendix, the Court finds the facts and the law clearly favor Plaintiff's position that Defendants materially breached the Licensing Agreement, that it is entitled to a declaration that Digerati does not infringe Defendants' copyrights or trademarks in *The Outbound Ghost*, and that Defendants knowingly materially misrepresented that material or activity of Digerati is infringing with respect to *The Outbound Ghost*, including TX0009222190, because (i) Digerati owns the Licensed Rights to the Licensed Game under the terms of the Licensing Agreement and that it has performed its obligations under the Licensing Agreement; (ii) the exclusive rights to the Work are presently owned by Plaintiff; (iii) Defendant is licensed and authorized to use the Work; and (iv) Defendants have misrepresented that Digerati is infringing upon the Works to the Platforms, including Valve (Steam), Focus (Fanatical), GOG, Merge, Nintendo, Soft Source, Tesura, Greenman Gaming, Epic, and Sony (collectively, the "Platforms");

    b. Defendants continued material breaches of the Licensing Agreement irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales;

    c. Monetary damages fail to address such damage and, thus, Plaintiff has an inadequate remedy at law, including because Defendants are likely to prevent

Digerati from enjoying the exclusive rights in the Licensed Game by (i) submitting takedown notices to the Platforms, (ii) making false announcements regarding the Licensed Game's publication, release, or Digerati's involvement without first consulting Digerati, and (iii) failing to promptly deliver any bug fixes, updates, or upgrades of the Licensed Game that Defendants develop for any Platform through which Defendants may misrepresent Digerati's conduct and tarnish Digerati's reputation and the reputation of the Licensed Game. All of which allows Defendants' misconduct to continue with little or no consequence;

  d. On balance, the potential harm to Defendants of being prevented from issuing takedown notices, making unilateral marketing decisions, and failing to develop fixes to the Licensed Game from their breaching activities if a preliminary injunction issues is far outweighed by the potential harm to Plaintiff, its business, its other video game developers, and the goodwill and reputation built up in and associated with the Works and its video game portfolio if a preliminary injunction is not issued; and

  e. The public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions.

4. The Court exercises its discretion to find that the bond amount should be zero because no evidence that Defendants will suffer damages from the injunction.

## ORDER

Based on the foregoing findings of fact and conclusions of law, the Court finds that good cause has been shown and **GRANTS** the Motion and **ORDERS** as follows:

## PRELIMINARY RESTRAINTS

**1.** Defendants and any of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any or all of them are preliminarily enjoined and restrained from using, licensing, sublicensing, selling, advertising, promoting, publicly performing, distributing, and displaying the Licensed Game to anyone other than Digerati.

**2.** Defendants and any of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any or all of them shall not infringe any of Digerati's Licensed Rights in connection with the Licensed Game.

**3.** Within 3 days of this Order, Defendants and any of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any or all of them shall notify the Platforms (including Valve (Steam), Focus (Fanatical), GOG, Merge, Nintendo, Soft Source, Tesura, Greenman Gaming, Epic, and Sony) as follows:

  a. Withdraw, without prejudice to re-filing if they ultimately prevail in this lawsuit, their intellectual rights notices or takedown notices in connection with *The Outbound Ghost*, including the following known numbers for Valve of DMCA Takedown Notice 34304;

  b. Request that each Platform restore *The Outbound Ghost* for Digerati with the same information, rankings, client reviews, and customer comments as prior to the takedown; and

  c. Provide a copy of this Order to each Platform.

**4.** Defendants and any of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any or all of them are preliminarily enjoined and restrained from:

    a. Making any changes to Sore Pages without Digerati's written approval;

    b. Failing to ensure that a Store Page on Valve's Steam service is accessible to the general public;

    c. Issuing takedown notices concerning *The Outbound Ghost* described in the Licensing Agreement; and

    d. Otherwise notifying the Platforms that Defendants have copyrights or trademarks in The Outbound Ghost or Licensed Game offered for sale by Digerati or that Digerati's sales violate those copyrights or trademarks.

**5.** Within 3 days of this Order, Defendants and any of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any or all of them shall delete the following tweets and videos:

    a. https://twitter.com/ConradicalGames/status/1598340308181426179.

    b. https://twitter.com/ConradicalGames/status/1600145091489832960.

    c. https://twitter.com/ConradicalGames/status/1600932695579963392.

    d. https://www.youtube.com/watch?v=mZe9kbeZGf8.

    e. https://twitter.com/ConradicalGames/status/1626259972651638784.

    f. https://www.youtube.com/watch?v=4hLh7Z0HCUk.

    g. https://www.youtube.com/watch?v=SwKKFENB7BM.

    h. https://www.youtube.com/watch?v=w1b159JcbI4

**6.** Defendants and any of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any or all of them are preliminarily enjoined and restrained from:

    a. Making any decisions regarding the marketing and publicity of the Licensed Game;

    b. Making any changes to Store Pages without Digerati's written approval;

    c. Making any announcements regarding the Licensed Game's publication, the Licensed Game's release, or Digerati's involvement without Digerati's written approval;

    d. Preventing Digerati from being clearly and conspicuously listed as the publisher of the Licensed Game on any Store Pages; and

    e. Failing to promptly deliver any bug fixes, updates, or upgrades of the Licensed Game that Defendants develop for any Platform.

**7.** The Court exercises its discretion not to require a bond.

SIGNED this _____ day of _____ 2023.

 

_____
UNITED STATES DISTRICT JUDGE