UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DIGERATI DISTRIBUTION & MARKETING, LLC, <br><br> Plaintiff, <br><br> V. <br><br> CONRADICAL SÀRL and CONRAD GRINDHEIM BORRELL, <br><br> Defendants. <br><br>_____ <br><br> CONRADICAL SÀRL, <br><br> Counterclaim-Plaintiff, <br><br> V. <br><br> DIGERATI DISTRIBUTION & MARKETING, LLC, <br><br> Counterclaim-Defendant <br><br> and <br><br> BIG SUGAR LLC and SARAH ALFIERI, <br><br> Additional Defendants. | Case No. 1:22-cv-1302 |

**Joint Federal Rule of Civil Procedure 26 Report**

Parties met and conferred through their counsel, Mary Spooner[1] for plaintiff Digerati and additional defendants Big Sugar and Sarah Alfieri, and Arthur Gollwitzer III for defendants Conradical and Grindheim, on September 15, 2023, to discuss a mutually agreeable case schedule and discovery protocols. As a result of these discussions, the parties recommend the following report pursuant to Federal Rules of Civil Procedure 16 and 26(f), and Local Rule CV-16(d).

1.  **Causes of Action, Defenses, and Counterclaims**. Plaintiff Digerati's claims include:

- Declaratory judgment of transfer of exclusive rights
- Declaratory judgment of ownership
- Declaratory judgment of non-termination
- Declaratory judgment of non-infringement
- DMCA misrepresentation (17 U.S.C. § 512(f) (against Conradical)
- Business disparagement & defamation (against Grindeim)
- Breach of contract: material breaches of licensing rights (against Conradical)
- Breach of contract: indemnification clause (against Conradical)

Defendants' affirmative defenses include:

- Unclean hands
- No personal liability for Grindheim
- Fraudulent inducement
- Fraud in performance of contract
- Failure of consideration
- Failure to perform conditions precedent
- Failure to mitigate damages
- Impossibility of performance
- Truth and substantial truth
- Opinion
- Privilege
- No proximate cause
- Mitigation of defamation damages
- Incremental harm

---

[1] Mary Spooner is an attorney employed at Scale LLP and admitted to practice in New York, and will be filing a motion to appear in this matter *pro hac vice*. James Creedon, also an attorney at Scale LLP, remains lead counsel of record for Plaintiff in this matter.

Counterclaim Plaintiff Conradical's counterclaims against Digerati and claims against Additional Defendants Big Sugar and Alfieri include:

- Breach of contract (against Digerati)
- Copyright infringement (against Digerati)
- Trademark infringement/unfair competition (against Digerati)
- Fraud (against Digerati)
- Unjust enrichment (against Big Sugar and Digerati)
- Defamation (against Digerati and Sarah Alfieri)
- Violation of the Texas Theft Liability Act (against Digerati and Big Sugar)
- Money had and received (against Digerati and Big Sugar)

Additional Defendants' affirmative defenses include:

- Lack of standing
- Failure to state a cause of action
- Indemnity
- Copyright preemption
- Protected rights: intellectual property & other statutes
- Protected rights: contract
- Economic loss doctrine
- Waiver
- Estoppel
- Ratification, agreement, acquiescence, or consent (asserted by Digerati)
- Laches (asserted by Digerati)
- Inequitable conduct
- Unclean hands
- Failure to mitigate
- Comparative fault & responsible third parties
- Truth & privilege (asserted by Digerati)
- No entitlement to punitive damages (asserted by Digerati)
- No entitlement to interest, attorneys' fees, or costs

2. **Jurisdictional Issues**. None.

3. **Unserved Parties**. None.

4. **Agreements re Facts**. None at this time.

5. **Legal Issues that Can Be Narrowed**. None at this time.

6. **Preservation of Discoverable Information**. The parties shall preserve all discoverable information related to the claims and defenses set forth in Paragraph 1 of this Report on the following general subjects:

- Organization and ownership of Digerati and Conradical
- The Licensing Agreement between Digerati and Conradical
- Digerati sales, costs, and profits as they relate to Conradical or *The Outbound Ghost*
- Digerati customers as they relate to Conradical or *The Outbound Ghost*
- Third-party agreements and payments
- Development costs relating to *The Outbound Ghost*
- Documents, things, and communications generally related to the litigation and discovery
- The parties' claims and defenses
- The parties' claimed damages and other forms of relief
- Attempts to improve and fix game bugs
- Communications regarding Conradical or *The Outbound Ghost*, or both

7. **Discovery of Electronically Stored Information**. The parties anticipate discovery and use of electronically stored information (ESI) in this case. The parties' proposed ESI order is attached to this Order as Exhibit A

8. **Subjects of Discovery**. The parties anticipate taking discovery related to the claims and defenses set forth in Paragraph 1 of this Report. Specifically, Plaintiff and the Additional Defendants anticipate taking discovery on the following subjects:

- Organization and ownership of Digerati and Conradical
- The Licensing Agreement between Digerati and Conradical
- Development of *The Outbound Ghost* (including the free demo version initially released in June 2022) including testing, game improvements, alleged bugs, patches, and efforts to port the game to Nintendo, Playstation, and other platforms
- The Copyright for *The Outbound Ghost*
- Public communications by Defendants regarding *The Outbound Ghost* on Twitter, Steam, and other platforms
- Communications with Publication Platforms regarding *The Outbound Ghost*
- Documents, things and communications generally related to the litigation and discovery
- The Parties' claims and defenses
- The Parties' claimed damages and other forms of relief

- Communications regarding Digerati, Nick and Sarah Alfieri, or *The Outbound Ghost*

Defendants anticipate taking discovery on the following subjects:

- Organization and ownership of Digerati and Conradical
- The Licensing Agreement between Digerati and Conradical
- Digerati sales, costs, and profits
- Digerati customers
- Third-party agreements and payments
- Development costs relating to *The Outbound Ghost*
- Documents, things, and communications generally related to the litigation and discovery
- The parties' claims and defenses
- The parties' claimed damages and other forms of relief
- Attempts to improve and fix game bugs
- Communications regarding Conradical or *The Outbound Ghost*, or both

9. **Initial Disclosures.** Each party shall serve its Rule 26(a)(1)(A) Initial Disclosures on or before October 13, 2023, and no party shall commence discovery before that date.

10. **Fact Discovery to be Completed**. Fact discovery has not yet begun. The parties have agreed to exchange initial disclosures under Rule 26(a)(1)(A) on or before October 13, 2023, and commence written discovery thereafter as described in Paragraph 9 of this Report.

11. **Discovery Disputes**. The parties do not yet have any discovery disputes to include in this Report.

12. **Federal Rule of Evidence 502**. The parties agree that Federal Rule of Evidence 502 applies to the conduct of discovery in this case. To that end, the parties respectfully request that the Court enter an order stating that Rule 502 applies in this case and in all proceedings in any other federal or state court in line with Fed. R. Evid. 502(d). Entry of the Agreed Scheduling Order will constitute such a Rule 502(d) order.

13. **Early Mediation**. The parties propose providing a report on alternative dispute resolution by November 30, 2023, in their Agreed Scheduling order. Consistent with that

deadline, the parties propose exchanging settlement positions by October 13, 2023 (for the plaintiffs) and October 27, 2023 (for the defendants). The parties are open to discussing their disputes with a mediator between October 27, 2023, and November 30, 2023, in line with these proposed deadlines.

14. **Confidentiality Order**. The parties agree that a confidentiality order is desirable in this action to facilitate production of confidential materials in the course of discovery. The parties will work together to review the Western District of Texas standard confidentiality order, and to adopt the same or otherwise propose suitable modifications or revisions thereto, and will submit a proposed confidentiality order to the Court for its review and entry.

September 18, 2023

| | |
|---|---|
| */s/ Arthur Gollwitzer III* <br> Arthur Gollwitzer III <br> State Bar No. 24073336 <br> agollwitzer@jw.com <br> Peter C. Hansen <br> State Bar No. 24066668 <br> phansen@jw.com <br><br> **JACKSON WALKER L.L.P.** <br> 100 Congress Avenue, Ste. 1100 <br> Austin, Texas 78701 <br> Tel: (512) 236-2268 <br> Fax: (512) 236-2002 <br><br> ***Attorney for Defendants Conradical Sàrl and Conrad Grindheim*** | */s/ James Creedon* <br> James Creedon <br> Texas Bar No. 24092299 <br> jcreedon@scalefirm.com <br><br> **SCALE LLP** <br> 5473 Blair Road, Suite 100 <br> Dallas, Texas 75231 <br> Frisco, Texas 75034 <br> Telephone:  (972) 850-6864 <br> Facsimile:   (972) 920-3290 <br><br> ***Counsel for Plaintiff Digerati Distribution & Marketing LLC, and Counter-Defendants Sarah Alfieri and Big Sugar LLC*** |

## Certificate of Service

I certify that, on September 18, 2023, the foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the registered users' e-mail accounts per Rule 5(b) and Local Rule CV-5(a).

*/s/ James Creedon*
James Creedon