UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DIGERATI DISTRIBUTION & MARKETING, LLC, <br><br> Plaintiff, <br><br> V. <br><br> CONRADICAL SÀRL and CONRAD GRINDHEIM BORRELL, <br><br> Defendants. <br><br> _____ <br><br> CONRADICAL SÀRL, <br><br> Counterclaim-Plaintiff, <br><br> V. <br><br> DIGERATI DISTRIBUTION & MARKETING, LLC, <br><br> Counterclaim-Defendant <br><br> and <br><br> BIG SUGAR LLC and SARAH ALFIERI, <br><br> Additional Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § <br><br> Case No. 1:22-cv-1302 |

**Agreed Scheduling Order**

The Parties met and conferred through their lead counsel, Mary Spooner[1] for plaintiff Digerati and additional defendants Big Sugar and Sarah Alfieri, and Arthur Gollwitzer III, for defendants Conradical and Grindheim, on September 15, 2023, to discuss a mutually agreeable case schedule and discovery protocols. As a result of these discussions, the parties recommend the following deadlines and case management orders be entered to govern the conduct of this case in line with Federal Rule of Civil Procedure 16 and Local Rule CV-16(a):

1.  A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before **November 30, 2023**.

2.  The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before **October 13, 2023**, and each opposing party shall respond, in writing, on or before **October 27, 2023**. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

3.  Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before **September 22, 2023**.

4.  The parties have leave to amend or supplement their pleadings or join additional parties without leave of Court through **December 15, 2023**. After December 15, 2023, any party wishing to file amended or supplemental pleadings or join additional parties must seek leave of the Court pursuant to Rule 15(a)(2).

5.  The parties shall complete all fact discovery on or before **May 31, 2024**.

---

[1] Mary Spooner is an attorney employed at Scale LLP and admitted to practice in New York, and will be filing a motion to appear in this matter *pro hac vice*. James Creedon, also an attorney at Scale LLP, remains lead counsel of record for Plaintiff in this matter.

6. Any party wishing to offer expert testimony on any issue for which that party has the burden of proof shall identify its testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), including any expert report required by Rule 26(a)(2)(B), on or before **June 28, 2024**. Any party wishing to offer expert testimony on issues on which it does not bear the burden of proof shall identify its testifying experts and serve on all parties, but not file, the materials required by Rule 26(a)(2)(B), including any expert report required by Rule 26(a)(2)(B), on or before **August 2, 2024**. (This deadline applies regardless of whether or not any party served an "opening" expert report on any such issues.)

7. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within 11 days from the receipt of the written report of the expert's proposed testimony, or within 11 days from the completion of the expert's deposition, if a deposition is taken, whichever is later.

8. The parties shall complete all expert discovery on or before **August 30, 2024**.

9. All dispositive motions shall be filed on or before **September 27, 2024**, and shall be limited to 20 pages. Responses shall be filed and served on all other parties not later than 21 days after the service of the motion and shall be limited to 20 pages. Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.

10. The Court will set this case for final pretrial conference at a later time. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-

16(e) regarding matters to be filed in advance of the final pretrial conference. The parties shall not complete the following paragraph. It will be completed by the Court at the initial pretrial conference to be scheduled by the Court.

11. This case is set for a jury trial commencing at 9:00 a.m. on _____, 20_____. Jury selection may occur the Friday before the case is set for trial.

12. Other case management matters:

    a. **Initial Disclosures and Commencement of Discovery**. Each party shall serve its Rule 26(a)(1)(A) Initial Disclosures on or before **October 13, 2023**, and no party shall commence discovery before that date.

    b. **Service by Email**. The parties consent to service of documents on counsel of record by e-mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(E).

    c. **Subpoenas**. A party that serves a subpoena on a non-party (the "Issuing Party") shall include a copy of this Order and any confidentiality order entered in this case along with the subpoena. The Issuing Party shall promptly produce to all other parties all documents and things obtained from any non-party by subpoena.

    d. **Privilege Logs**. The parties propose that any materials protected from discovery by the attorney-client privilege or the work product doctrine and created after March 21, 2023, the date Defendants first responded

to this suit, do not need to be identified on a log of withheld documents under Rule 26(b)(5).

e. **Inadvertent Production**. The parties agree that Federal Rule of Evidence 502 applies to the conduct of discovery in this case. To that end, the parties respectfully request that the Court enter an order stating that Rule 502 applies in this case and in all proceedings in any other federal or state court in line with Fed. R. Evid. 502(d). Entry of this Scheduling Order will constitute such a Rule 502(d) order.

f. **Confidentiality Order**. The parties agree that a confidentiality order is desirable in this action to facilitate production of confidential materials in the course of discovery. The parties will work together to review the Western District of Texas standard confidentiality order, and to adopt the same or otherwise propose suitable modifications or revisions thereto, and will submit a proposed confidentiality order to the Court for its review and entry.

g. **Electronic Discovery Order**. The parties anticipate discovery and use of electronically stored information (ESI) in this case. The parties' proposed ESI order is attached to this Order as Exhibit A.

h. **Depositions.**

    i. For the purposes of the limitation on the number of depositions that can be conducted in this case, a Rule 30(b)(6) deposition is treated as a single deposition even though more than one person may be designated to testify if the entire Rule 30(b)(6)

deposition lasts less than seven hours. Each additional 7 hours of Rule 30(b)(6) deposition time, or any fraction thereof, shall constitute an additional deposition that counts towards the ten-deposition limit.

    ii.    The parties agree to limit the total number of fact depositions that can be conducted in this case to 5 pursuant to Rules 26(f)(3)(E) and 30(a).

    iii.    The parties agree expert depositions shall not count towards the number of depositions that can be conducted in this case in line with Rule 30(a).

The parties may modify the deadlines in this Order by agreement, with the exception of the dispositive motions deadline and the trial date. Those dates are firm. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this Order.

SIGNED on _____, 2023.

_____
Hon. Robert Pitman
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DIGERATI DISTRIBUTION & MARKETING, LLC, <br><br> Plaintiff, <br><br> V. <br><br> CONRADICAL SÀRL and CONRAD GRINDHEIM BORRELL, <br><br> Defendants. <br> _____ <br><br> CONRADICAL SÀRL, <br><br> Counterclaim-Plaintiff, <br><br> V. <br><br> DIGERATI DISTRIBUTION & MARKETING, LLC, <br><br> Counterclaim-Defendant <br> and <br> BIG SUGAR LLC and SARAH ALFIERI, <br><br> Additional Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § §  Case No. 1:22-cv-1302 |

**Notice Concerning Reference to**
**United States Magistrate Judge**

In accordance with the provisions of 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and the Local Rules of the United States District Court for the Western District of Texas, the following parties, defendants Conradical and Grindheim through their counsel, Arthur Gollwitzer III_____

    ___ consents to having a United States Magistrate Judge preside over the trial in this case.

    ___ declines to consent to trial before a United States Magistrate Judge.

Respectfully submitted,

_____
Arthur Gollwitzer III
State Bar No. 24073336
agollwitzer@jw.com
Peter C. Hansen
State Bar No. 24066668
phansen@jw.com
**JACKSON WALKER L.L.P.**
100 Congress Avenue, Ste. 1100
Austin, Texas 78701
Tel: (512) 236-2268 / Fax: (512) 236-2002

*Attorney for Defendants Conradical Sàrl and Conrad Grindheim*

*Exhibit A*
*Electronic Discovery Order*

Electronically stored information, referred to as ESI, shall be produced in line with the following instructions pursuant to Federal Rule of Civil Procedure 34(b)(1)(C):

1. At the producing party's option, each non-image file will be produced either in its native file format or single-page TIFF files imaged to at least 300 dpi in black and white, with each image endorsed with a Bates number, each TIFF file will be named after its corresponding Bates number.
    a. For any image file type documents (including but not limited to JPG, PNG, and GIF files), the single-page images will be provided in color JPEG files with each image endorsed with a Bates number, and each JPEG file will be named after its corresponding Bates number.
    b. Upon reasonable request by a Party, color images for additional individually identified file types will be provided.
    c. Each production shall include a load file that maps to all of the TIFF files and images produced and depicts the document boundaries and attachments (parent/child) relationships (if a document is more than one page, the unitization of the document and any attachments shall be maintained as they existed in the original document).

2. Each document will have a document-level text file containing the extracted text for each file. If text cannot be extracted through normal ESI processing, the Parties must run optical character recognition to produce text for each file. For files that do not contain text, a blank text file shall be provided. Each text file will be named after the beginning Bates number of the related document.

3. Each production shall include load files (DAT and OPT) and any other such load files the Parties may request to properly load the data in to review databases. The load files shall include the metadata field listed below (to the extent such fields exist and are available):

| *Metadata Fields:* | *Description* |
|---|---|
| BegDoc# | The bates label of the first page of the document |
| EndDoc# | The bates label of the last page of the document |
| Attachment Count | Number of attachments to a document |
| Author | The document author or creator |
| To | The recipient of the document or email |
| From | The author of the document or email |
| CC | Persons copied on the document or email |
| BCC | The persons blind-copied on the document or email |
| Custodian | The person who maintains custody of the document or email |
| Duplicate Custodian | Persons who had copies of the documents but were removed from the Custodian field due to deduplication |
| Date Created | Document date or date email was created |
| Date Sent | Date document or email was sent |

3

| | |
|---|---|
| Date Received | Date document or email received by recipient |
| Date Last Modified | Date last modified for attachments and standalone electronic files |
| Date Last Printed | Date last printed for attachments and standalone electronic files |
| Email Subject | Subject of email |
| Doc Title | Title of document |
| File Name | File name of electronic document |
| File Path | File path as maintained by operating system |
| File Extensions | File extensions |
| File Size | File size |
| Folder | Email folder information |
| Attachment ID | Bates range of document or email attachment |
| Parent ID | Bates range of parent document or email |
| Native File | Loading path for any native file |
| Text Path | Loading path for any text file |
| MD5 Hash | Hash value determined for the document |
| Confidentiality | Any confidentiality designation given under any applicable order |
| Redactions | Identification of whether or not the document has any redactions |

4. To the extent reasonably available, the "Custodian" or "Original File Path" field with respect to ESI gathered from an individual's hard drive will provide metadata sufficient to identify the custodian from whose hard drive such ESI has been gathered.

5. All spreadsheets (*e.g.* Excel files), presentations (*e.g.* PowerPoint files), database files, graphics, audio files, video files, animations, and other files that cannot readily be converted to TIFF format or that reasonably require access to the native file, shall be produced in native format with all metadata intact (and not as a TXT file), along with a Bates numbered slip sheet in TIFF format indicating that the file was produced in native format.

6. The Parties will produce additional native files and accompanying metadata in response to reasonable requests. The Parties will make reasonable efforts to ensure that all documents produced in native form are decrypted, but the Parties have no duty to identify encrypted documents prior to production.

7. The Parties will make reasonable efforts to agree upon the format for producing data from a structured database using existing report formats or report formats that can be developed without undue burden.

8. Web pages, social media posts, and other information not otherwise covered above shall be produced in native format or in such format as will allow the receiving party to view the website as an active web page (*e.g.* HTML format).

9. Documents originally maintained in paper or other non-electronic format and documents not searchable in their native format shall be produced as TIFF files endorsed with a bates number with their contents in a single TXT file (not one TXT file per page) using optical character recognition (OCR) and a load file that maps the TXT file to the corresponding TIFF file.  Any redacted or privileged material should be labeled clearly to show the redactions.

10. In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records.  That is, paper documents should be logically unitized as they appear in the normal course of business. The producing party will treat pages that are bound, stapled or clipped together as a single document.  In the case of an organized compilation of separate documents – *e.g.*, a binder or file folder containing several separate documents behind tabs or sub-files – the document behind each tab or sub-file should be scanned separately, but the relationship among the documents in the compilation should be reflected in the proper coding of the beginning and ending document and attachment fields.  The Parties will use their best efforts to unitize the documents correctly.  (Logical Unitization is the process of human review of each individual page in an image collection using logical cues to determine pages that belong together as documents.  Such cues can be consecutive page numbering, report titles, similar headers and footers, folders, binders, and other logical indicators.)

11. If any part of a document or its attachments is responsive, the entire document and its attachments shall be produced, except any attachments that must be withheld or redacted on the basis of any privilege or work-product or other protection.

12. The Parties shall take reasonable steps to ensure that parent-child relationships within a document family (the association between an attachment and its parent document) are preserved, including any attachments to emails subsumed within an email thread.  The child-document(s) should be consecutively produced immediately after the parent-document.    Where a document family is of mixed status—such that one or more documents are redacted in their entirety on the basis of privilege or work-product or other protection while others are produced—the Parties shall replace any withheld document(s) with slip-sheets that indicate the basis for their redaction.

13. The Parties agree to exchange privilege logs containing the information called for by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

14. The Parties agree that inadvertent disclosure of privileged or protected documents/information will not constitute a waiver of any such privilege or protection and will apply the following procedures:

    a.  <u>Notice</u>:

        Within ten (10) business days from the date on which a producing party discovers an inadvertent disclosure of ESI, it will notify the receiving party by written Clawback Notice identifying the inadvertent discolsure(s) and directing the

    receiving party to promptly return, destroy, and/or make inaccessible the inadvertently disclosed information/documents and all copies.

b. <u>Parties' Obligations</u>:

Within three (3) days of receipt of the Clawback Notice, the receiving party will either inform the producing party that compliance will be effectuated or challenge the Clawback Notice in writing.

If the Clawback Notice is not challenged, the receiving party will destroy, return, and/or disable all access to the specified documents/information within ten (10) days or as agreed by the Parties.

If the receiving party challenges the Clawback Notice, it will return, destroy, or disable all copies of the documents/information, but may retain one copy for the purpose of challenging the designation of privilege/protection or the inadvertency of the disclosure.

The Parties will meet and confer within two (2) days to resolve the dispute if the Clawback Notice is challenged.

Under all circumstances, the producing party must preserve all documents/information subject to the Clawback Notice until any dispute has been resolved by the Parties' agreement or court order.