# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| DIGERATI DISTRIBUTION & MARKETING, LLC, | § § § | |
| Plaintiff, | § § | |
| V. | § § | |
| CONRADICAL SÀRL and CONRAD GRINDHEIM BORRELL, | § § § | |
| Defendants. | § § § | |
| ──────────────────────────── | § § | Case No. 1:22-cv-1302-DH |
| CONRADICAL SÀRL, | § § | |
| Counterclaim-Plaintiff, | § § § | |
| V. | § § | |
| DIGERATI DISTRIBUTION & MARKETING, LLC, | § § § § | |
| Counterclaim-Defendant | § § § | |
| and | § § | |
| BIG SUGAR LLC and SARAH ALFIERI, | § § § | |
| Additional Defendants. | § § | |

## AGREED SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16, the following Agreed Scheduling Order is issued by the Court:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before **November 30, 2023**.

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before **October 13, 2023**, and each opposing party shall respond, in writing, on or before **October 27, 2023**. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

3. Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before **September 22, 2023**.

4. The parties have leave to amend or supplement their pleadings or join additional parties without leave of Court through **December 15, 2023**. After December 15, 2023, any party wishing to file amended or supplemental pleadings or join additional parties must seek leave of the Court pursuant to Rule 15(a)(2).

5. The parties shall complete all fact discovery on or before **May 31, 2024**.

6. Any party wishing to offer expert testimony on any issue for which that party has the burden of proof shall identify its testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), including any expert report required by Rule 26(a)(2)(B), on or before **June 28, 2024**. Any party wishing to offer expert testimony on issues on which it does not bear the burden of proof shall identify its testifying experts and serve on all parties, but not file, the materials required by Rule 26(a)(2)(B), including

any expert report required by Rule 26(a)(2)(B), on or before **August 2, 2024**. (This deadline applies regardless of whether or not any party served an "opening" expert report on any such issues.)

7.  An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within 11 days from the receipt of the written report of the expert's proposed testimony, or within 11 days from the completion of the expert's deposition, if a deposition is taken, whichever is later.

8.  The parties shall complete all expert discovery on or before **August 30, 2024**.

9.  All dispositive motions shall be filed on or before **September 27, 2024**, and shall be limited to 20 pages. Responses shall be filed and served on all other parties not later than 21 days after the service of the motion and shall be limited to 20 pages. Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.

10. This case is set for final pretrial conference on **Thursday, February 13, 2025, at 10am**. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference. The parties shall not complete the following paragraph. It will be completed by the Court at the initial pretrial conference to be scheduled by the Court.

11. This case is set for a jury trial commencing at **9:00 am. on Tuesday, February 18, 2025**. Jury selection may occur the Friday before the case is set for trial.

12. Other case management matters:

   a. **Initial Disclosures and Commencement of Discovery**. Each party shall serve its Rule 26(a)(1)(A) Initial Disclosures on or before **October 13, 2023**, and no party shall commence discovery before that date.

   b. **Service by Email**. The parties consent to service of documents on counsel of record by e-mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(E).

   c. **Subpoenas**. A party that serves a subpoena on a non-party (the "Issuing Party") shall include a copy of this Order and any confidentiality order entered in this case along with the subpoena. The Issuing Party shall promptly produce to all other parties all documents and things obtained from any non-party by subpoena.

   d. **Privilege Logs**. The parties propose that any materials protected from discovery by the attorney-client privilege or the work product doctrine and created after March 21, 2023, the date Defendants first responded to this suit, do not need to be identified on a log of withheld documents under Rule 26(b)(5).

   e. **Inadvertent Production**. The parties agree that Federal Rule of Evidence 502 applies to the conduct of discovery in this case. To that end, the parties respectfully request that the Court enter an order stating that Rule 502 applies in this case and in all proceedings in any

    other federal or state court in line with Fed. R. Evid. 502(d).  Entry of this Scheduling Order will constitute such a Rule 502(d) order.

f.  **Confidentiality Order**. The parties agree that a confidentiality order is desirable in this action to facilitate production of confidential materials in the course of discovery. The parties will work together to review the Western District of Texas standard confidentiality order, and to adopt the same or otherwise propose suitable modifications or revisions thereto, and will submit a proposed confidentiality order to the Court for its review and entry.

g.  **Electronic Discovery Order**. The parties anticipate discovery and use of electronically stored information (ESI) in this case.  The parties' proposed ESI order is attached to this Order as Exhibit A.

h.  **Depositions.**

  i.  For the purposes of the limitation on the number of depositions that can be conducted in this case, a Rule 30(b)(6) deposition is treated as a single deposition even though more than one person may be designated to testify if the entire Rule 30(b)(6) deposition lasts less than seven hours. Each additional 7 hours of Rule 30(b)(6) deposition time, or any fraction thereof, shall constitute an additional deposition that counts towards the ten-deposition limit.

      ii.      The parties agree to limit the total number of fact depositions that can be conducted in this case to 5 pursuant to Rules 26(f)(3)(E) and 30(a).

      iii.      The parties agree expert depositions shall not count towards the number of depositions that can be conducted in this case in line with Rule 30(a).

The parties may modify the deadlines in this Order by agreement, with the exception of the dispositive motions deadline and the trial date. Those dates are firm. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this Order.

SIGNED on October 31, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE